SIMON v. PATRONS MUTUAL FIRE INSURANCE CO.

PROCESS—MISNOMER IN PROCESS SHOULD BE RAISED BY MOTION TO DISMISS—APPEAL AND ERROR.

    Where defendant corporation was incorrectly named in the summons which was personally served upon its secretary and treasurer, and therefore it had notice of the suit, it could not wait until after decree was entered against it, and then take advantage of said irregularity on appeal, but said question should have been raised by motion to dismiss or notice attached to the plea (3 Comp. Laws 1915, § 12456).[1]

---

[1] Appeal and Error, 3 C. J. § 683.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 10, 1924.    (Docket No. 53.)    Decided October 6, 1924.

Bill by Louis Simon and another against the Patrons Mutual Fire Insurance Company of Michigan to set aside an award of arbitration and to enforce payment of a policy of insurance.    From a decree for plaintiffs, defendant appeals.    Affirmed.

*Lovelace & Broek,* for plaintiffs.

*Kinnane & Leibrand,* for defendant.

MOORE, J.    October 31, 1923, a decree was filed in this cause, which, omitting the formal part, reads as follows:

"1. That prior to the 26th day of October A. D. 1920, the said plaintiffs were the owners of lots two and three of block A of O. F. and W. P. Conklin's addition to the village of Ravenna, that upon said lots were situated a barn, tool house and hen house.

"2. That on said 26th day of October, A. D. 1920, the said plaintiffs made application to the said defendant for insurance upon said property, that said property was on that day inspected and examined by one J. D. Pickett, who was then and there the duly authorized agent of said defendant, and that said Pickett placed a valuation upon said buildings and their contents of $2,050 and fixed the amount of insurance to be carried upon them at the sum of $1,200.

"3. That on said 26th day of October, 1920, the said defendant issued to the plaintiffs their contract of insurance against fire upon the said property, which certificate was numbered C-1232, and in and by which contract the said defendant insured the said property in the sum of $800 and the contents in the sum of $400.

"4. That on the 24th day of August, 1922, the said buildings were struck by lightning and took fire and said buildings and their contents were wholly destroyed and consumed by fire and by reason thereof the said

defendant became liable to the said plaintiffs for the value of the property so destroyed in the amount mentioned and set forth in the said contract of insurance.

"5. That the said defendant adjusted said loss and tendered to said plaintiffs in settlement thereof the sum of $116.87, which sum said plaintiffs refused to take and appealed under the terms of said contract for an arbitration of their loss.

"6. That an arbitration meeting was held at the city of Grand Rapids, Michigan, on the 16th day of December, 1922; that all the members of said board of arbitration were picked by said defendant and that the plaintiff had no choice nor voice as to who should constitute said board but that all of them were officers or members of said defendant.

"7. That upon said hearing said defendant falsely and fraudulently claimed that because said property was situated in the village of Ravenna that where there was at that time no demand for property of a like character that plaintiffs had suffered practically no loss.

"8. That on the 10th day of February, 1923, said defendant advised said plaintiffs that said arbitration board had determined the loss of said plaintiffs to be the sum of $142.50 and tendered said amount to said plaintiffs, which said plaintiffs declined to receive; that said arbitration award was fraudulent and illegal and of no binding force upon said plaintiffs.

"9. The court further finds that the value of the property so destroyed by fire was in excess of the sum named in said contract of insurance and that said property was totally destroyed by fire and that said plaintiffs have suffered a total loss.

"It is therefore ordered, adjudged and decreed, and this court by virtue of the authority therein vested doth order, adjudge and decree that said arbitration and said arbitration award be and the same are hereby set aside and altogether held for naught.

"It is further ordered, adjudged and decreed that the said plaintiffs do recover of and from the said defendant the sum of $1,200 as and for the principal sum of said loss together with interest thereon in the sum of $60 making in all a sum of $1,260, together with their costs in their suit in that behalf expended

to be taxed and that these plaintiffs have execution therefor."

Later a motion was made which was overruled by an order made January 5, 1924, the material parts of which read as follows:

"In this cause, the said defendant, having appeared specially and moved the court for an order, striking all papers from the files since the filing of the bill of complaint.   Said motion was brought on for argument and the court having heard the arguments of counsel and mature deliberation being thereon had, finds:

"*First:* That the bill of complaint in this cause was filed on the 14th day of March, 1923, and a summons issued on the same day.   That said summons was directed to the Patrons Mutual Insurance Company, a Michigan corporation, instead of to the Patrons Mutual Fire Insurance Company of Michigan.

"*Second:* That said summons was duly and personally served upon the defendant in this case on the 17th day of March, 1923.

"*Third:* That although such personal service was made upon the said defendant, it took no steps in said cause.   It did not appear, answer, nor move to dismiss because of said misnomer.

"It is therefore ordered and adjudged that said motion be, and it is hereby denied with costs to the plaintiffs to be taxed."

The case is brought into this court by appeal.

The substance of the appellant's claim is that neither the defendant nor any of its officers or agents have ever been served with process and it is claimed this is a jurisdictional defect, and that the decree is unauthorized.   In addition to what is said by the trial judge in his order which we have quoted, it should be stated that the summons was served personally upon Ellsworth A. Holden, secretary and treasurer of the defendant company.   The defendant, instead of calling the attention of the court to the irregularity of the summons by a motion to dismiss, or notice attached to

the plea, waited until after a hearing in open court had been held and a decree entered before it took any action in the case.

It is stated by very respectable authority:

"That the misnomer of a corporation in a pleading can be taken advantage of only by plea in abatement, and when not thus objected to will be deemed to have been waived.    It cannot be pleaded in bar nor made the ground of a motion in arrest of judgment, or for a nonsuit.    *    *    *    And a corporation cannot object to a misnomer for the first time after judgment or on appeal."    2 Fletcher on Corporations, § 743.

Prior to 1915 the Michigan statute read:

"In all suits or proceedings by or against any corporation, a mistake in the name of such corporation shall be pleaded in abatement; and if not so pleaded shall be deemed to have been waived."    2 Comp. Laws 1871, § 6549; 3 Comp. Laws 1897, § 10473.

The judicature act of 1915 abolished pleas in abatement and enacted in lieu thereof section 4, chapter 14 (3 Comp. Laws 1915, § 12456), which reads as follows:

"Demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished.    All questions heretofore raised by such plea or demurrer, shall hereafter be raised by motion to dismiss, or in the answer or notice attached to the plea, and in case such questions are raised by answer, or by notice attached to the plea, the same may be brought up for determination by the court, in advance of the trial of said cause, upon four days' notice by either party.    The plaintiff shall at any time, either before or after the hearing of the questions so raised, be entitled to amend his pleadings, so as to meet the objections raised thereto, upon such terms as the court may deem. proper."

The paper served upon the officer of the company was of such a character as to advise it that the plaintiff had sued the corporation.    No one knew the correct name of the defendant better than the person

upon whom service was made.   It was the duty of the defendant to call the attention of the court early to the misnomer if it deemed it important, when an amendment could easily be made and not subject the plaintiff to the expense of a hearing.

The decree is affirmed, with costs to the appellees.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.