YOUNGBLOOD v. GRAND TRUNK WESTERN RAILWAY CO.

1. PLEADING—DEFENDANT FAILING TO OBJECT TO MISNOMER BEFORE JUDGMENT BARRED FROM RAISING QUESTION LATER.

Where, in an action against a railroad company for personal injuries, the defendant was misnamed both in process and pleadings, but it raised no objection thereto before judgment, it was barred from all right to raise the question later.

2. SAME — MISNOMER IN PROCESS AND PLEADING AMENDABLE IF RIGHT PARTY SERVED.

Where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name, an amendment substituting the true name may be permitted.

3. JUDGMENT—RES JUDICATA—SECOND ACTION IN TRUE NAME NOT MAINTAINABLE WHERE FIRST ACTION TRIED ON MERITS AGAINST DEFENDANT MISNAMED.

Where, in an action against a railroad company for personal injuries, the defendant was misnamed in both the process and pleadings, but it raised no objection, and the case was disposed of upon its merits in favor of defendant, from which no appeal was taken, plaintiff may not maintain a second action against defendant in its true name on the same cause; the former judgment being *res judicata* of the second case.

Error to Genesee; Brennan (Fred W.), J. Submitted April 12, 1927. (Docket No. 77.) Decided June 6, 1927.

Case by Matthew Youngblood against the Grand Trunk Western Railway Company for personal injuries. There was an order granting a motion to dismiss. Plaintiff brings error. Affirmed.

[1]Corporations, 14a C. J. § 2950; Pleading, 31 Cyc. p. 737; [2]Pleading, 31 Cyc. p. 488; [3]Judgments, 34 C. J. § 1184.

*Sol Blumrosen,* for appellant.

*Leo J. Carrigan* and *W. A. Geer,* for appellee.

SNOW, J.   Plaintiff was injured by coming in collision with one of defendant's locomotives where its track crosses Mann avenue in the city of Flint.   He commenced an action for damages, but incorrectly named the defendant as the "Grand Trunk Railroad Company."   However, the process was properly served upon one of the defendant's agents and its attorney appeared for the defendant as named, filed a plea, and the case proceeded to trial and judgment with no mention by any one that the correct corporate name of defendant was the "Grand Trunk Western Railway Company."   There is no such corporation as the "Grand Trunk Railroad Company," hence we have the situation of the right party being sued by the wrong name.   The defendant had a directed verdict and judgment on the merits, from which no appeal was taken.   Later the plaintiff began this suit on the same cause of action and claiming damage for the same injury, and correctly named the defendant as the "Grand Trunk Western Railway Company."   Defendant claimed the former judgment as *res judicata* of the present suit, moved to dismiss, the motion was granted, and plaintiff brings error.   No question of practice is involved.

The trial judge was clearly right in dismissing the case.   Plaintiff has had his day in court against the corporation from which he claims he received his injury.   True he misnamed it, both in process and pleadings, but it was properly served and defended the suit.   It is presumed that its correct corporate name was known to its attorneys, and if advantage was to be taken of the misnomer it should have been taken upon the trial, where plaintiff would have been given leave to amend.   Failure of the defendant to make

objection before judgment clearly barred it from all right to raise the question later. *Simon* v. *Insurance Co.,* 228 Mich. 508. That plaintiff would have been permitted to amend as to defendant's corporate name had the question been raised upon the trial is held to be the rule in *Parke, Davis & Co.* v. *Grand Trunk Railway System,* 207 Mich. at page 391, where the following rule from 31 Cyc. p. 487 is quoted with approval:

"As a general rule, under the statutes, a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties. But where the right corporation has been sued by the wrong name and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted. * * * Where a corporation is known by several names and is sued under one of them, an amendment placing the fact of the identity of the corporation in issue is proper."

That plaintiff misnamed the defendant in his first case against it, and that such misnomer was waived by the silence of defendant throughout the trial surely cannot permit the plaintiff to again sue the same defendant on the same cause of action after it has been fully litigated and disposed of upon its merits. Defendant gained nothing by keeping silent; neither did plaintiff gain thereby. Simply because the misnomer was waived by defendant it does not follow that plaintiff can take advantage of his own error. The former judgment must be held to be *res judicata* of the present case.

Judgment affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.